IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA S. CARPENTER (01),

    Defendant.

Case No. 16-40032-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on pro se prisoner Joshua S. Carpenter's Motion for Writ of Habeas Corpus ad prosquendum (Doc. 45).[1] The government has filed a response (Doc. 47). For the reasons explained below, the court denies Mr. Carpenter's motion.

### I. Procedural History

On May 25, 2017, Mr. Carpenter entered guilty pleas under Fed. R. Crim. P. 11(c)(1)(C) to one count of possession of a firearm by a prohibited person and one count of possession of stolen mail. Doc. 24. The parties proposed a sentence of not more than 27 months' imprisonment, followed by two years of supervised release. *Id.* at 2–3 (¶ 3). On October 24, 2017—consistent with the parties' joint recommendation—the court sentenced Mr. Carpenter to 27 months' imprisonment, followed by two years of supervised release. Doc. 41.

---

[1] Because Mr. Carpenter proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as Mr. Carpenter's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for Mr. Carpenter or search the record. *Id.*

The United States Bureau of Prisons released defendant from federal custody on June 20, 2018.[2] On August 14, 2018, the court issued a warrant for Mr. Carpenter's arrest for violating the terms of his supervised release. Doc. 43.[3] Currently, Mr. Carpenter is incarcerated in the Kansas Department of Corrections. His earliest release date is December 6, 2019.[4]

**II.     Discussion**

Mr. Carpenter's motion asserts that "[a]ny [p]erson in a penal or correctional institute of this state may request final disposition of any untried indictment, information[,] [m]otion to [r]evoke [p]robation, or [c]omplaint [p]ending against such person in [t]his [s]tate." Doc. 45 at 1. The court liberally construes his motion as a request to be transferred into federal custody under the Interstate Agreement on Detainers Act ("IADA"). IADA provides that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . . .

Interstate Agreement on Detainers Act, 18 U.S.C.A. app. 2 § 2. The court denies Mr. Carpenter's motion because under the IADA, "a detainer based on a probation-violation charge is not a detainer based on any 'any untried indictment, information or complaint,' within the meaning of Art. III." *Carchman v. Nash*, 473 U.S. 716, 726 (1985); *see also United States v.*

---

[2]     Fed. Bureau of Prisons, http://www.bop.gov/inmateloc/ (last visited Nov. 19, 2019).

[3]     Doc. 43 is an arrest warrant issued on the request of the United States Probation Office. Currently, it is sealed, but the court sees no reason for it to remain sealed. The court thus directs the Clerk of the Court to unseal Doc. 43.

[4]     Kan. Dep't of Corrs., https://kdocrepository.doc.ks.gov/kasper/search/detail?kdocNumber=110194 (last visited Nov. 19, 2019).

2

*Gomez-Diaz*, 415 F. App'x 890, 895 (10th Cir. 2011) (IADA, "which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, clearly does not apply to supervised release revocation detainers."); *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) (IADA "is inapplicable to probation or parole revocation detainers."). Thus, IADA doesn't provide the relief Mr. Carpenter seeks with his motion.

### III. Conclusion

The court denies Mr. Carpenter's motion because IADA doesn't apply to detainers for supervised release violations. Mr. Carpenter has no pending federal information, indictment, or complaint against him, so no right to a final disposition under IADA exists.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Carpenter's Motion for Writ of Habeas Corpus ad prosequendum (Doc. 45) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**